FILED & ENTERED

MAR 19 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY reid        DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| MARSHALL SAMUEL SANDERS, | Case No. 8:14-11663-ES |
| Debtor. | **ORDER: (1) SETTING HEARING ON STATUS OF CHAPTER 11 CASE; AND (2) REQUIRING REPORT ON STATUS OF CHAPTER 11 CASE**<br><br>Date: April 29, 2014<br>Time: 10:30 a.m.<br>Place: Courtroom 5A |

You are hereby notified that a Status Conference hearing has been scheduled to take place in this Chapter 11 case at the above-captioned time and place. At the Status Conference, the Court may, among other things, set deadlines for the filing proofs of claims and interests, and for the filing of a plan and disclosure statement.

THE COURT HEREBY ORDERS:

1.  The debtor in possession ("Debtor") (or Chapter 11 Trustee, if one has been appointed) shall give written notice of the Status Conference to all parties entitled to notice under Rule 2002(a) of the

      Bankruptcy Rules of Procedure, twenty-one (21) days before the hearing date stated above.

2. Debtor (or Chapter 11 Trustee, if one has been appointed) shall file a Status Report with the court; submit a file-stamped courtesy copy to 411 W. Fourth Street, Fifth Floor, Santa Ana, California; and serve the Status Report upon the United States Trustee and all official committees fourteen (14) days before the hearing date stated above.

3. The Status Report shall address the following matters:

    (a) The circumstances precipitating the filing of the chapter 11 petition and a brief statement of Debtor's reorganization goals.

    (b) Whether Debtor is in compliance with all duties under 11 U.S.C. §§ 521, 1106, and 1107, and all applicable guidelines of the Office of the U. S. Trustee.  If not, explain why.

    (b) Whether there are any cash collateral issues.

    (c) Whether Debtor has employed general bankruptcy counsel or any other professionals and the status of any filed employment applications.   If Debtor has employed general bankruptcy counsel but has not filed an employment application, explain why an application has not been filed..

    (d)  The status of Debtor's post-petition operations.

    (e) The status of any post-petition litigation involving Debtor.

    (f) The status of any executory contracts or unexpired leases involving non-residential real property under in which Debtor

        is a lessee and Debtor's intentions regarding the assumption/rejection of such contracts and leases.

(g) Estimation of when a plan and disclosure statement will be filed if the same has not yet been filed.

(h) Reasons why a plan and disclosure statement cannot be filed until the date stated above.

(i) The proposed deadline for filing proofs of claims and interests.

(j) Whether the estate has any potential avoidance actions as described in 11 U.S.C. § 546. If so, state whether complaints have been filed. If complaints have not been filed, explain why and estimate when they will be filed.

IT IS FURTHER ORDERED that failure to timely comply with any provision of this order may be deemed consent to the conversion or dismissal of this case, as well as grounds for the imposition of monetary sanctions in an amount of not less than $100.00.

###

Date: March 19, 2014

*Erithe A. Smith*
Erithe Smith
United States Bankruptcy Judge