United States Bankruptcy Court
Central District of California

In re:  
Marshall Samuel Sanders  
   Debtor

Case No. 14-11663-ES  
Chapter 11

# CERTIFICATE OF NOTICE

District/off: 0973-8    User: admin    Page 1 of 1    Date Rcvd: May 21, 2014  
                      Form ID: pdf042    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 23, 2014.  
  NO NOTICES MAILED.

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
db        +E-mail/PDF: marshallssanders@yahoo.com May 22 2014 02:19:52     Marshall Samuel Sanders,  
         1621 Kensing Ln,   Santa Ana, CA 92705-3074  
                                                                                                                          TOTAL: 1

               ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 23, 2014                                                  Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 21, 2014 at the address(es) listed below:
          Casey J OConnell    on behalf of Interested Party    Courtesy NEF ch11ecf@piteduncan.com  
          Casey J OConnell    on behalf of Creditor    BANK OF AMERICA, NATIONAL ASSOCIATION  
           ch11ecf@piteduncan.com  
          Greg P Campbell    on behalf of Defendant    PNC Mortgage, A Division of PNC Bank, NA,  
           ecfcacb@piteduncan.com  
          Greg P Campbell    on behalf of Defendant    Bank of America ecfcacb@piteduncan.com  
          Greg P Campbell    on behalf of Defendant    Pite Duncan ecfcacb@piteduncan.com  
          Kelly M Raftery    on behalf of Creditor    Wells Fargo Bank, N.A., as trustee, on behalf of the  
           holders of the HarborView Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series  
           2007-1, its assignees and/or successors, by and throu bknotice@mccarthyholthus.com  
          Nancy S Goldenberg    on behalf of U.S. Trustee    United States Trustee (SA)  
           nancy.goldenberg@usdoj.gov  
          United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov  
                                                                                                                                 TOTAL: 8

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Gregory P. Campbell (SBN 281732)<br>gcampbell@piteduncan.com<br>Todd S. Garan (SBN 236878)<br>tgaran@piteduncan.com<br>**PITE DUNCAN, LLP**<br>4375 Jutland Drive, Suite 200<br>P.O. Box 17933<br>San Diego, CA 92177-0933<br>Telephone: (858) 750-7600<br>Facsimile: (619) 590-1385<br><br>☒ *Attorney for Movant(s)*<br>☐ *Movant(s) appearing without an attorney* | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**MAY 21 2014**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY duarte    DEPUTY CLERK** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>MARSHALL SAMUEL SANDERS ,<br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:14-bk-11663-ES<br>CHAPTER: 11<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)**<br><br>DATE:        May 20, 2014<br>TIME:         9:30 am<br>COURTROOM:   5A |

Movant:   Bank of America, National Association

1. The Motion was:   ☐ Opposed   ☒ Unopposed   ☐ Settled by stipulation

2. The Motion affects the following real property (Property):

    Street address:           *2041 Iroquois*
    Unit number:
    City, state, zip code:    *Tustin, CA, 92782*

    Legal description or document recording number (including county of recording):
    2003000739489, Orange County of California

3. The Motion is granted under: ☒ 11 U.S.C. § 362(d)(1)   ☒ 11 U.S.C. § 362(d)(2)   ☐ 11 U.S.C. § 362(d)(3)
☒ 11 U.S.C. § 362(d)(4)

4. As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☒ Terminated as to Debtor and Debtor's bankruptcy estate.
   b. ☐ Annulled retroactively to the date of the bankruptcy petition filing.
   c. ☐ Modified or conditioned as set forth in Exhibit ____ to this Order.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

6. Movant must not conduct a foreclosure sale before the following date (*specify*): _____

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9. ☐ The filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved either:

   ☐ transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval.

   ☒ multiple bankruptcy filings affecting the Property.

If recorded in compliance with applicable state law governing notices of interests or liens in the Property, this Order is binding and effective under 11 U.S.C. § 362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of this Order for indexing and recording.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2013*    Page 2    **F 4001-1.ORDER.RP**

10. This court further orders as follows:

    a. ☒ The 14-day stay as provided in FRBP 4001(a)(3) is waived.
    b. ☒ The provisions set forth in the Extraordinary Relief Attachment shall also apply (*attach Optional Form F 4001-1O.ER*).
    c. ☐ See attached continuation page for additional provisions.

###

Date: May 21, 2014

*(signed)* Erithe A. Smith
Erithe Smith
United States Bankruptcy Judge

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2013*                                      Page 3                                      **F 4001-1.ORDER.RP**

# EXTRAORDINARY RELIEF ATTACHMENT
### (MOVANT: Bank of America, National Association)

*(This Attachment is the continuation page for Paragraph <u>10 (b)</u> of the foregoing Order.)*

Based upon evidence of efforts by Debtor(s) or others acting in concert with Debtor(s) to delay, hinder or defraud Movant by abusive bankruptcy filings, this court further orders as follows:

1. ☐ This Order is binding and effective in any bankruptcy case commenced by or against the Debtor(s) for a period of 180 days from the hearing of the Motion.

2. ☐ This Order is binding and effective in any bankruptcy case commenced by or against any successors, transferees, or assignees of the above-named Debtor(s) for a period of 180 days from the hearing of the Motion.
   ☐ without further notice.
   ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

3. ☐ This Order is binding and effective in any bankruptcy case commenced by or against any debtor(s) who claim(s) any interest in the Property for a period of 180 days from the hearing of the Motion.
   ☐ without further notice.
   ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

4. ☐ This Order is binding and effective in any future bankruptcy case, no matter who the debtor(s) may be
   ☐ without further notice.
   ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

5. ☐ The Debtor(s) is/are hereby enjoined from transferring all or any portion of the Property for a period of 180 days from the hearing of the Motion except as may be authorized by further order of this Court, and any transfer in violation of this Order is void.

6. ☐ The Sheriff or Marshal may evict the Debtor(s) and any other occupant from the subject Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing of the Motion.
   ☐ without further notice.
   ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

7. ☒ Other (*specify*): This Order shall be binding and effective in any other case under the Bankruptcy Code purporting to affect the Property filed not later than 2 years after the date of the entry of the Order by the Court, if recorded in compliance with applicable state law governing notices of interest or liens in the Property, except that a debtor in a subsequent case under the Bankruptcy Code may move for relief from the Order based upon changed circumstances or for good cause shown, after notice and hearing.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2013*                              Page 4                              **F 4001-1.ORDER.RP**